**In re Anonymous No. 23 D.B. 76**

Disciplinary Board Docket no. 23 D.B. 76

UNKOVIC, *Board Member,* November 18, 1977 —

## I.  HISTORY OF PROCEEDINGS

On or about May 1, 1972, respondent filed an application with the Civil Service Commission for employment as a workmen's compensation referee or administrative referee. The application contained a question "Were you ever convicted of a criminal offense, . . . 'if Yes' give details in item 19." This question was left blank and unanswered by respondent and no explanation was made in item 19. On October 5, 1964, respondent had been convicted in Federal Court on eight counts. Following the filing of the application, respondent was appointed to provisional employment as a workmen's compensation referee on June 1, 1972, and to probationary employment on May 7, 1974. He completed probationary service satisfactorily and became a regular employe on November 11, 1974. When it was revealed to the Secretary of Labor and Industry that respondent failed to reveal his criminal conviction in the employment application, respondent was suspended on August 27, 1975. From this suspension respondent filed an appeal to the Civil Service Commission and on April 30, 1976, was reinstated to regular status without payment for any lost salary.

By reason of his failure to reveal his prior criminal conviction in the employment application, re-

spondent was indicted for perjury in [   ] County in 1975; however, respondent's motion to quash the indictment was granted on the ground that respondent's conduct as charged did not constitute perjury.

## II.   HEARING COMMITTEE REPORT

The hearing committee found that respondent was guilty of a violation of Disciplinary Rule 1-102(A)(4), relating to engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and also Disciplinary Rule 1-102(A)(5), relating to engaging in conduct that is prejudicial to the administration of justice.

The hearing committee in a well reasoned report reached the conclusion that respondent has violated the code of professional responsibility and concluded that by reason of the fact respondent has been a member of the bar for many years and except for his criminal conviction and this disciplinary charge which flowed from it, his conduct has been exemplary. The hearing committee referred to the record before the Civil Service Commission indicating that respondent has performed honorably and well as a workmen's compensation referee, therefore reaching the conclusion that disbarment or suspension would be an excessive sanction. The hearing committee recognized that a private reprimand would demonstrate to respondent the bar's disapproval of his conduct but felt that it might also give the public the impression that respondent's conduct has the approval of the Disciplinary Board. The hearing committee therefore, recommended respondent be publicly censured.

## III.  DISCIPLINARY BOARD ACTION

The board confirmed the finding of the hearing committee that there was a violation of Disciplinary Rule 1-102(A)(4) and (5); nevertheless, the fact that respondent performed honorably and well as a workmen's compensation referee; was suspended without pay from August 27, 1975 to April 30, 1976, and thereafter reinstated by the Civil Service Commission after his prior conviction had been thoroughly reviewed by the Civil Service Commission; that he was required to successfully defend a perjury charge; and that he has been a member of the bar of Pennsylvania for more than 40 years all were found to be mitigating circumstances. The board agreed with the hearing committee that "a private reprimand would demonstrate to respondent the bar's disapproval of his conduct," but could not agree with the conclusion of the respected hearing committee the same would give the public the impression that respndent's conduct has the approval of the Disciplinary Board.

The Disciplinary Board at its meeting held on July 29, 1977, voted that respondent receive a private reprimand.

## PRIVATE REPRIMAND

As you previously have been notified, the Disciplinary Board on July 29, 1977, determined that the petition for discipline filed against you, docketed at 23 D.B. 76, should be concluded by private reprimand. You were subsequently notified by certified mail, under date of October 27, 1977, to appear at this meeting of the board, for the purpose of receiving the private reprimand.

694

The record indicates that you have been found guilty of transgressing Disciplinary Rule 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and Disciplinary Rule 1-102(A)(5) (engaging in conduct that is prejudical to the administration of justice).

It is fortunate for you that the board determined only the imposition of a private reprimand and not a form of public discipline.

As Chairman of the Disciplinary Board, it is my duty to reprimand you for your misconduct. We urge that you conform to the code of professional responsibility in your future activities. Any subsequent transgressions on your part can only result in further discipline and perhaps more drastic sanctions. We sincerely hope that you will comport yourself in such a manner that future disciplinary action will be unnecessary.